UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BYRON HUBBARD, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:18-cv-01229-SEB-MPB |
| INDIANA DEPARTMENT OF CORRECTION, WEXFORD OF INDIANA, LLC, THE GEO GROUP, INC, MARION COUNTY JAIL, HAMILTON COUNTY JAIL, ARAMARK CORRECTIONS SERVICES, LLC, CORIZON CORRECTIONS MEDICAL CORPORATION, JOHN DOE, 1-25, MARION COUNTY SHERIFF, HAMILTON COUNTY SHERIFF, | ) |
| Defendants. | ) |

**Entry Granting motion for Leave to Proceed *in forma pauperis*, Denying Motion to Appoint Counsel, Discussing Complaint, and Directing Further Proceedings**

**I. Motion to Proceed *in forma pauperis***

The plaintiff's motion for leave to proceed *in forma pauperis*, dkt. [2], is **granted**. The assessment of an initial partial filing fee is not feasible at this time.

**II. Motion to Appoint Counsel**

The plaintiff's motion for assistance with recruiting counsel, dkt. [4], is **denied as premature. t**he defendants have not been identified and served. The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens,* 706 F.3d 843, 845 (7th Cir. 2013).

**III. Screening of the Complaint**

A. *Screening Standard*

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

B. *Discussion*

The plaintiff alleges generally that the defendants have interfered with his necessary medications. He asserts that the defendants have failed to bring his medications when he has been transported between facilities for court hearings and have otherwise denied his medications. He asserts that the policy of defendants IDOC, GEO, and Wexford was the moving force behind the denial of his medication. He seeks damages and injunctive relief.

Applying the screening standard to the factual allegations in the complaint, the complaint must be **dismissed**.

First, any claim against the Indiana Department of Correction must be **dismissed**. The Eleventh Amendment bars private lawsuits in federal court against a state that has not consented.

*Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005). An agency of the state enjoys that same immunity. *Nuñez v. Indiana Dep't of Child Services*, 817 F.3d 1042, 1044 (7th Cir. 2016); *see also Moore v. State of Ind.*, 999 F.2d 1125, 1128-1129 (7th Cir. 1993) (*citing Pennhurst*, 465 U.S. at 100).

Next, claims against all unknown John Doe defendants are **dismissed for failure to state a claim upon which relief can be granted** because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed, or "John Doe," defendants in federal court is generally disfavored by the Seventh Circuit.

Next, any claim against the Marion County Jail or the Hamilton County Jail must be **dismissed** because a Jail is a non-suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Any claim against Aramark based on the allegation that the plaintiff has been illegally terminated from his prison job must be **dismissed** because it is not properly joined to the other claims in this case. In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals explained that "[u]nrelated claims against different defendants belong in different suits." Rule 18 of the *Federal Rules of Civil Procedure* allows joinder of multiple parties only when the allegations against them involve the same conduct or transaction and common questions of fact and law as to all defendants. If the plaintiff wishes to pursue this claim, he must file it in a separate lawsuit.

Any claim against Corizon Correctional Medical Corporation must be **dismissed**. The reason for this is that this defendant, a private corporation, is not vicariously liable under 42

U.S.C. § 1983 for the alleged misdeeds of its employees, but if the injury alleged is the result of a policy or practice. *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816 (7th Cir. 2009). The plaintiff has made no allegation that would support a conclusion that the alleged violations of his rights were the result of a Corizon policy.

Any claim against the Marion County Sheriff or the Hamilton County Sheriff is **dismissed** because the plaintiff does not allege that these defendants personally participated in any of the violations of his rights. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago,* 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Their supervisory roles alone are insufficient to hold them liable. *See Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc).

The claim that Wexford and GEO maintained a policy or failed to maintain a policy that was the moving force behind the failure to transport the plaintiff's medications is **dismissed** because this claim does not provide enough factual detail to raise the plaintiff's right to relief above a speculative level. *See Twombly*, 550 U.S. at 555.

C. *Opportunity to File an Amended Complaint*

For the reasons discussed above, the complaint has been dismissed. The Court notes that the plaintiff has named a number of John Doe defendants, who are employees of the Marion County Jail, the Hamilton County Jail, and the New Castle Correctional Facility. To assist the

plaintiff in identifying these defendants, the **clerk shall add as defendants** the Sheriff of Marion County, the Sheriff of Hamilton County, and the Warden of the New Castle Correctional Facility. The clerk is designated, pursuant to Fed. R. Civ. P. 4(c)(3), to issue and serve process on these officials in the manner specified by Fed. R. Civ. P. 4(d)(1). Process shall issue to them in their official capacities only, for the purpose of permitting them to appear in the action and respond to discovery regarding the identity of personnel who could be properly named as defendants in this action. Process in this case shall consist of the complaint, applicable forms and this Entry. These officials need not answer the allegations of the complaint, but simply need to appear in the action. Once these officials appear in the action, the plaintiff shall have 45 calendar days in which to serve discovery on them. Any such discovery shall be limited in scope to ascertaining the identity of any person who could actually be liable to the plaintiff for the violation of his federally secured rights he alleges.

The plaintiff shall have 60 calendar days after these officials appear in the action in which to file an amended complaint, which will completely replace the original complaint. The amended complaint, if filed, must conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury the plaintiff claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number

referenced in the caption of this Entry. The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Entry.

If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

### IV. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

**IT IS SO ORDERED.**

Date: 4/30/2018

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BYRON HUBBARD
250297
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362