UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BYRON HUBBARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-01229-JPH-MPB |
| ) | |
| WEXFORD OF INDIANA, LLC, et al. ) | |
| ) | |
| Defendants. ) | |

**Order Denying Motion to Reconsider and Motion to Stay**

In his motion to reconsider and motion to stay, plaintiff Byron Hubbard renews his request for appointment of counsel and asks the Court to stay the proceedings in this case. In support, he states that he is approved to attend treatment at the Veterans Administration Post Traumatic Stress Disorder Inpatient Treatment Center.

As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases."). "Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Walker*, 900 F.3d at 938 (*quoting Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).

As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote,* 503 F.3d 647, 653 (7th Cir. 2007); see *also Thomas v. Anderson*, 912

F.3d 971, 978 (7th Cir. 2019) (because neither of the plaintiff's requests for counsel showed that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion) (citing *Pruitt*, 503 F.3d at 654–55 (7th Cir. 2007) (en banc); *Romanelli v. Suliene*, 615 F.3d 847, 851–52 (7th Cir. 2010) (explaining that the denial of a motion to recruit counsel was justified by the district court's finding that the plaintiff had not tried to obtain counsel)). The Court has previously concluded that he has made a reasonable effort to recruit counsel on his own. Dkt. 176. He should continue those efforts.

To decide the second question, the Court considers "'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Olson*, 750 F.3d at 712 (7th Cir. 2014) (quoting *Pruitt*, 503 F.3d at 655). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases. *McCaa v Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

As the Court previously explained, the plaintiff is competent to litigate this action on his own at this time. Dkt. 176. The plaintiff's filings in this action reflect that he is able to read and write and has prepared his own documents for filing in this case. He has been able to adequately state his claims and his requests for relief. Further, the Court previously explained that to the extent that his housing situation makes it difficult for him to pursue his claims, he may seek extensions of time as are reasonable. *Id.*

For the reasons explained above, the plaintiff is competent to litigate the case himself at this time. His motion to reconsider the denial of his motion to appoint counsel, dkt. [183], is therefore **denied**. The Court notes that his motion, which contains numerous requests, violates the requirement of Local Rule 7-1 that "Motions must be filed separately." But the Court will address

Mr. Hubbard's request for a stay in addition to his request for reconsideration of the denial of his motion to appoint counsel. Mr. Hubbard's request for a stay is **denied**. However, the parties shall have **through December 3, 2020**, to complete discovery and **January 4, 2021**, to file dispositive motions.

**SO ORDERED.**

Date: 11/10/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BYRON HUBBARD
275 Medical Drive
Suite 4477
Carmel, IN 46032

All Electronically Registered Counsel