UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BYRON HUBBARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-01229-JPH-MPB |
| ) | |
| WEXFORD OF INDIANA, LLC, et al. ) | |
| ) | |
| Defendants. ) | |

**Order Granting in Part and Denying in Part Plaintiff's Motion for Guidance**

Plaintiff Byron Hubbard filed this civil rights action when he was an inmate at New Castle Correctional Facility ("NCCF") alleging that his civil rights have been violated in a number of ways, including through the failure to treat his many medical conditions. Some of Mr. Hubbard's claims were resolved through settlement, while the defendants have filed motions for summary judgment on his remaining claims. Mr. Hubbard has received extensions of time to respond to those motions. Dkt. 218, 227. And the Court warned him that he had been given ample time to respond to the motions for summary judgment and that no further extensions were anticipated. Dkt. 227. In response, he filed a motion for guidance and direction. Dkt. 228. That motion is granted in part and denied in part consistent with the following.

Through his motion for guidance and direction, Mr. Hubbard apparently seeks a stay of the summary judgment motions in this case. He explains that it has been impossible for him to conduct discovery and prepare this litigation because his property has been confiscated and destroyed by officials at NCCF and the jail where he was previously housed. The Court notes, however, that Mr. Hubbard has been given ample time and opportunity to pursue his claims and conduct discovery. He was released from prison over a year ago and, while he claimed early in this case

that he had not been given necessary discovery or documents to file an amended complaint, *see* dkt. 41, the Court found that Mr. Hubbard had sufficient information to prepare an amended complaint as directed, dkt. 42. In addition, Mr. Hubbard sought a ruling of spoliation of evidence, but the Court denied that motion because he requested only that his case not be dismissed "as a direct result of government-created impediments" and no motion seeking dismissal was pending at that time. Dkt. 58. The Court also granted his request to order the Warden of his prison facility to maintain his files. Dkt. 78. Since the defendants have answered the complaint and the Court has issued its Order Setting Pretrial Schedule, which provided detailed instruction regarding how the case would proceed, Mr. Hubbard has asked the Court to stay the case, dkt. 183, and has sought extensions of time to respond to the motions for summary judgment, dkt. 218, 226, but he has not sought Court intervention in discovery. Although Mr. Hubbard has informed the Court of difficulties he has had pursuing this case because of mental and physical ailments, he has shown his ability to identify and describe his claims and seek court intervention when required. Now, the discovery period is closed, the motions for summary judgment have been pending for several months, and the case must proceed.

"Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action and when it feels like taking a break…." *GCIU Employer Retirement Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1198-99 (7th Cir. 1993). Accordingly, the motion for guidance, dkt. [228], is **granted in part and denied in part**. The motion is **denied** to the extent that Mr. Hubbard requests that the Court stay these proceedings to allow him to conduct or obtain discovery that he should have obtained during

the discovery period. The motion is **granted** only to the extent that Mr. Hubbard will have one final brief extension, **through September 7, 2021**, to respond to the motions for summary judgment. **SO ORDERED.**

Date: 8/12/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BYRON HUBBARD

All Electronically Registered Counsel